IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Guild Associates, Inc.,

    Plaintiff,

v.

Xichun Zhou., *et al.*,

    Defendants.

Case No: 2:18-cv-361

Judge Graham

Magistrate Judge Deavers

Opinion and Order

I.

Plaintiff Guild Associates brings this misappropriation of trade secrets action against former employee Xichun Zhou and his firm Vitan-Biotech LLC. Plaintiff, an Ohio corporation, is a bioscience technology firm and employed Zhou as a lead researcher and manager from 2013 to 2016. According to the complaint, Zhou concealed the fact that he had dual employment with a competitor, Vitan-Biotech in Colorado. Zhou allegedly used the intellectual property and trade secrets he obtained at Guild to advance the interests of Vitan-Biotech. Guild alleges that Vitan-Biotech and Zhou, now a Colorado resident, continue to unlawfully use Guild's proprietary information. Guild alleges that Zhou's activities are in violation of the Guild Associates Employee Intellectual Property Agreement he signed in 2013.

II.

This matter is before the court on defendants' motion to dismiss, or alternatively to stay, in favor of binding arbitration. The Federal Arbitration Act governs written provisions in a "contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction." 9 U.S.C. § 2. Contracts of employment may fall within the FAA's coverage. See Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 118 (2001). Here, the numerous references in the Employee Intellectual Property Agreement to inventions, patents, copyrights,

products, business strategies and activities would, on their face, appear to contemplate an involvement in interstate commerce.[1] See Doc. 1-2.

Under the FAA, arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. When a cause of action is determined to be covered by arbitration, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant is not in default in proceeding with such arbitration." 9 U.S.C. § 3.

The Employee Intellectual Property Agreement contained an arbitration clause, and it's an unusual one:

> Guild Associates encourages that any and all claims or controversies between you and Guild Associates relating to claims for breach of contract shall be resolved by final binding arbitration in accordance with the rules of the American Arbitration Association.

Employee Agr. at ¶ 10. There is no doubt that Guild's claims against Zhou relate to an alleged breach of contract within the scope of the arbitration provision. The question is one of intent for arbitration to be mandatory or permissive.

On the question of intent, the parties' arguments demonstrate that the arbitration clause is reasonably susceptible to dual interpretations. The word "shall" suggests a mandatory obligation to arbitrate, while the word "encourages" suggests that arbitration is permissive. And reasonable objections can be made against either interpretation. If the clause were permissive, why didn't the parties use the word "should" instead of "shall"? If the clause were mandatory, why didn't they use the word "advises" instead of "encourages"? The arguments on this issue could go in circles, but there is no doubt that the parties did contemplate arbitration as a means to settle their disputes.

The court finds that the ambiguity should be resolved in favor of arbitration, for several reasons. For one, it effectuates the intent of the parties in this unusual situation. See Stout v. J.D. Byrider, 228 F.3d 709, 714 (6th Cir. 2000) ("[A] federal court must determine whether the parties agreed to arbitrate the dispute at issue."). Even under Guild's reading of the Employee Agreement, Guild certainly agreed to arbitration. Guild was the party which, through its adoption of the word "encourages," represented its belief that all disputes "shall be resolved by final binding arbitration."

---

[1] Even if the FAA does not control here, the parties agree that Ohio law is consistent with the FAA. See O.R.C. § 2711.02(B).

2

If there were a party to the Employee Agreement who arguably did not agree to mandatory arbitration, it was Zhou. But he now agrees to submit to what Guild expressly agreed to and wanted from the start – arbitration.

Next, resolving the ambiguity in favor of arbitration effectuates the purpose of the FAA and complies with controlling case law. The Sixth Circuit has directed: "Courts are to examine the language of the contract in light of the strong federal policy in favor of arbitration. . . . Likewise, any ambiguities in the contract or doubts as to the parties' intentions should be resolved in favor of arbitration." Stout, 228 F.3d at 714 (internal citations omitted). See also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983) ("The [FAA] establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration . . . ."); Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc., 473 U.S. 614, 626 (1985); AT&T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 650 (1986) (courts should presume arbitrability and not deny an order to arbitrate the grievance "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be in favor of coverage.") (internal citations and quotation marks omitted).

Finally, the court may look to state law on matters of contract interpretation. See Great Earth Cos. v. Simons, 288 F.3d 878, 889 (6th Cir. 2002). Guild drafted the Employee Agreement and required Zhou to sign it as a condition of employment. See Employee Agr. (attributing authorship to the Human Resource Supervisor for Guild). In Ohio, when an ambiguity cannot be resolved by extrinsic evidence (and Guild does not assert that it can be), then the ambiguity "must be construed against the drafter." Cadle v. D'Amico, 2016-Ohio-4747, ¶ 33, 66 N.E.3d 1184, 1189 (Ohio Ct. App. 2016) (citing cases). The court construes the Employee Agreement against Guild, so as to require arbitration of Guild's claims.

III.

Accordingly, the court grants the defendants' request to compel arbitration. The court further notes that defendant Vitan-Biotech, though not a signatory to the Employee Agreement allegedly had Zhou as its sole employee, such that the claims against Vitan-Biotech are intertwined with those against Zhou. See Doc. 12 at PAGEID 51.

The FAA contemplates that a court will stay the federal action pending arbitration. Thus, the court GRANTS defendants' motion (doc. 12) insofar as it seeks in the alternative to STAY this action

3

pending the completion of arbitration.  Within 30 days of the arbitrator's decision, the parties must submit to the court a joint status report detailing the status of this case.


Date:   September 13, 2019               s/ James L. Graham
                                         James L. Graham
                                         United States District Judge